UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRACTOR AND EQUIPMENT CO. | * | CIVIL ACTION |
| | * | |
| | * | NO. 15-5413 |
| | * | |
| V. | * | SECTION |
| | * | |
| DUAL TRUCKING AND TRANSPORT, L.L.C. | * | JUDGE |
| AND ANTHONY ALFORD | * | |
| | * | MAG. |

## COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

**NOW INTO COURT**, comes Tractor and Equipment Co. and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, respectfully represents as follows:

## NATURE OF THE ACTION

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*, related to a defaulted open account and surety securing obligation on owed open account. Tractor and Equipment Co. is a plaintiff in a certain lawsuit styled as *Tractor and Equipment Co. vs. Dual Trucking and Transport, LLC*, case number DV 13-1526 on the Thirteenth Judicial District Court, Yellowstone County, and State of Montana. The Montana action seeks to recover sums owed by Dual Trucking on open account with Tractor and Equipment. The open account was established upon the execution of a Personal Guarantee by Dual Trucking manager Anthony Alford in Louisiana. This instant action seeks declaration the validity of the Personal Guarantee as a suretyship agreement securing the debts of Dual Trucking's Open Account.

1

## PARTIES

2.

Plaintiff is Tractor and Equipment Co., a Montana Corporation with its principal place of business in Billings, Montana.

3.

Defendant, Dual Trucking and Transport, L.L.C. is a Louisiana limited liability company with its principal place of business in Terrebonne Parish, Louisiana.

4.

Defendant, Anthony Alford, is a person of full age of majority domiciled in Terrebonne Parish, State of Louisiana. Alford is a manager of Dual Trucking who executed a personal guarantee securing the open account debts of Dual Trucking owed to Petitioner.

## JURISDICTION AND VENUE

5.

This diversity action, under 28 U.S.C. §1332, involves claims under Montana Open Account Law. The Personal Guarantee sued upon was executed by Alford in Louisiana. This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, because there is diversity of citizenship and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

The Eastern District of Louisiana is the proper venue for the institution of this action, under 28 U.S.C. § 1391, because the Defendants are either domiciled in the district or have principal place of business within the district, as well as, the defendant Alford having executed the Personal Guarantee in Louisiana.

## THE UNDERLYING LAWSUIT

7.

The above cited pending Montana action seeks the recovery amounts owed under opened account. Plaintiff provides rental equipment services and repair services related to transportation of oil and gas related equipment, tools and waste. Plaintiff rented equipment to Dual Trucking in Montana and North Dakota under an open account agreement, which is currently due and owing in the principal balance of $292,846.30. Defendant, Dual Trucking, agreed to pay Plaintiff a late payment charge of eighteen percent (18%) annually on past due accounts as shown in the Application for Commercial Credit. Additionally, it has been asserted that defendants are liable for late fees, interests, costs and attorneys' fees, per terms of credit agreement and personal guarantee. Records of principal amounts due and owing are attached hereto and incorporated herein by reference as Exhibit A.

8.

In connection the application for credit, Defendant, Dual Trucking, completed a Tractor and Equipment Credit Application and transmitted application back to Tractor and Equipment on or about March 19, 2012. It is believed, a Dual Trucking employee completed the credit application in Terrebonne Parish, Louisiana. Attached as Exhibit B.

9.

Prior to approving the credit application, Judy Grooms, Tractor and Equipment Co. Credit Specialist, corresponded on March 20, 2012, via facsimile, to Dual Tucking Louisiana office stating the personal guarantee portion was not signed, and requested the owner or officer of the company sign the attached copy of the credit application. Attached as Exhibit C.

10.

On or about March 21, 2014 and in Terrebonne Parish, Louisiana, Anthony Alford executed the Personal Guarantee portion of the credit application referencing the secured party as Dual Trucking and Transport, LLC. The executed personal guarantee was transmitted back to Tractor and Equipment on March 21, 2012. Relying on the completed credit application and personal guarantee of Alford, Petitioner approved the application and allowed Dual Trucking to begin renting equipment on open account.  Attached as Exhibit D.

11.

From March 2012 into 2013, Dual Trucking incurred charges related to the rental of Tractor and Equipment Co. equipment totaling $292,846.30, which remain owing and unpaid. By executing the Personal Guarantee, Alford agreed to pay all monies which shall be due from Dual Trucking, including late payment charges and all costs of collection and reasonable attorneys' fees for the recovery of the debt.

**DELCARATORY RELIEF-SURETY IS VALID AND ENFORCEABLE**

12.

Paragraphs 1 through 11 of this Complaint are hereby re-averred and re-alleged as if set forth herein, *in extensor*.

13.

Petitioner herein seeks declaration that the surety is valid under Louisiana law, or in the alternative valid under Montana law.

14.

Defendant, Anthony Alford, personally guaranteed this obligation and is jointly and severally liable for all amounts due by Dual Trucking. Exhibit D.

15.

On July 27, 2013, Plaintiff made demand on Defendant Dual Trucking to pay the outstanding debts on open account, all of which remains outstanding and owing.

16.

The personal guarantee is valid in all respected under both Louisiana Civil Code Art 3035 *et seq*. and applicable Montana law, as the personal guarantee is in writing, identifies the obligation secured, and is signed by the guarantor, Alford in this case. The creditor and debtor are clearly identified on the credit application incorporating the personal guarantee.

17.

Per terms of the Credit Application and Personal Guarantee executed by Alford, Petitioner is entitled to an award of attorney's fees and costs incurred in prosecuting this claim on an open account and enforcing and collecting any judgment.

18.

WHEREFORE, Tractor and Equipment Inc. prays that after due proceedings, this Court award declaratory relief and enter a judgment in favor of Plaintiff and against Defendant, Declaring valid and enforceable obligation against Dual Trucking and Transport, with a Anthony Alford is a valid surety to the obligations owed by Dual Trucking and Transport on open account to Plaintiff in the sum of $292,846.30 plus interests, costs, attorneys' fees and any and all such other relief that this Court deems appropriate.

Respectfully submitted;

_s/ Christopher H. Riviere_
CHRISTOPHER H. RIVIERE (#11297)
WILLIAM N. ABEL (#33702)
TODD M. MAGEE (#35415)
103 West Third Street
Post Office Box 670
Thibodaux, Louisiana 70302-0670
Telephone: (985) 447-7440
Facsimile: (985) 447-3233

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRACTOR AND EQUIPMENT CO. | * | CIVIL ACTION |
| | * | |
| | * | NO. |
| | * | |
| V. | * | SECTION |
| | * | |
| DUAL TRUCKING AND TRANSPORT, L.L.C. | * | JUDGE |
| AND ANTHONY ALFORD | * | |
| | * | MAG. |

## VERFICATION

STATE OF MONTANA

COUNTY OF _Yellowstone_

      **DAMON WENZ**, being sworn, deposes and says that he is the duly authorized representative of Petitioner, TRACTOR AND EQUIPMENT CO., in the above matter and that he has read all the facts and allegations contained in the above and foregoing petition; that same are all true and correct to the best of his information, knowledge and belief.

DARCI LE SHIELDS
NOTARY PUBLIC for the
State of Montana
Residing at Billings, Montana
My Commission Expires
October 20, 2018

DAMON WENZ
Regional Credit Manager
Tractor and Equipment Co.

Sworn to and subscribed
before me this _21_ day
of _October_, 2015.

NOTARY PUBLIC

1