# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRACTOR AND EQUIPMENT CO.** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 15-5413** |
| | * | |
| **V.** | * | **SECTION "R"** |
| | * | |
| **DUAL TRUCKING AND TRANSPORT, L.L.C.** | * | **JUDGE VANCE** |
| **AND ANTHONY ALFORD** | * | |
| | * | **MAG. NORTH** |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURSIDICTION UNDER RULE 12(b)(1), AND FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

**NOW INTO COURT**, comes Plaintiff Tractor and Equipment Co. who respectfully submits this memorandum in opposition to the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). For the following reasons, Defendants Motion should be denied and plaintiff's Complaint for Declaratory Relief seeking the validity of the surety agreement executed by Anthony Alford should be allowed to proceed.

## FACTUAL BACKGROUND

On March 19, 2012, defendant Dual Trucking and Transport, LLC ("Dual Trucking") submitted an Application for Commercial Credit to plaintiff Tractor & Equipment Co ("Tractor").[1] The Application for Commercial Credit was sent via facsimile from Dual Trucking's office in Houma, Louisiana to Tractor. Upon review of the application, Tractor did not approve the Application for Commercial Credit as the Personal Guarantee portion was not

---

[1] Exhibit A, Application for Commercial Credit

1

signed.[2] Tractor requested an owner or officer of the company sign the attached Personal Guarantee portion of Application for Commercial Credit as indicated, and fax return a signed copy[3]. Defendant, Anthony Alford ("Alford"), an owner of Dual Trucking, executed the Personal Guarantee portion of the Application for Commercial Credit, which was then submitted to Tractor for credit application approval.[4]

Based on the executed Personal Guarantee by Dual Trucking's owner, Anthony Alford, Tractor approved Dual Trucking's Application for Commercial Credit. From March 2012 through October 2013, Dual Trucking incurred $292,846.30 in charges on its commercial credit account with Tractor for equipment rentals, related to oilfield services of Dual Trucking.[5] The debt remains outstanding and owed despite amicable demand upon both Dual Trucking and the surety Alford.[6]

## PROCEDURAL HISTORY

Tractor initially filed suit on open account against Dual Trucking and Alford in the captioned matter *Tractor & Equipment Co. vs. Dual Trucking and Transport, LLC*, case number DV 13-1526 in the Thirteenth Judicial District Court, Yellowstone County, State of Montana. Alford was dismissed as a party to the Montana suit as the Montana court lacked personal jurisdiction over Alford.[7] The only remaining parties to the Montana suit are Tractor, as plaintiff, and Dual Trucking, as defendant.

---

[2] Exhibit B, 3/20/12 Letter
[3] Exhibit B, 3/20/12 Letter
[4] Exhibit C, Personal Guarantee
[5] Exhibit E, Invoice
[6] Exhibit F, Demand Letter
[7] Exhibit D, Montana Order, Page 2

Tractor has now come to Louisiana and filed this instant action seeking a declaratory relief and judgment in favor of Plaintiff and against Defendants declaring that the surety agreement executed by defendant Anthony Alford for the benefit of defendant Dual Trucking and Transport, LLC and in connection with a credit agreement between Dual Trucking and Plaintiff is a valid and enforceable surety.

**LAW AND ARGUMENT**

**12(b)(1) Lack of Subject Matter Jurisdiction**

When a motion to dismiss for lack of subject matter jurisdiction is raised, a court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplements by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Qureshi v. Holder*, 2010 WL 5141877, *3, citing *Den Norske Stats Oljeselskap As v. Heeremac Vof*, 241 F. 3d 420, 424 (5th Cir. 2001).

Plaintiff bears the burden of proving subject matter jurisdiction in the present suit. "When a rule 12(b)(1) motion is filed in conjunction with Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 251 F. 3d 158, 162 (5th Cir. 2001).

When a defendant is seeking to dismiss a complaint for declaratory relief, a court must consider a three step inquiry. *National Cas. Co. v. Tom's Welding, Inc.*, 2012 WL 2064451, *3 (E.D. La. June 7, 2012). The first step requires determining the justiciability of the declaratory action. *Id*. If the first step of jurisdiction is met, then the second step of the court determining whether has the authority to grant the declaratory relief. Lastly, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory action. *Id.*

3

### A. Justiciability and Authority to Grant Declaratory Relief

A federal court will not have subject matter jurisdiction unless there exists an actual controversy. *Id.* "As a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Id.* (quoting *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896. (5th Cir. 2000). In this instant matter, both the requirements of diversity and amount in controversy are satisfied.

This instant action was brought under 28 U.S.C. § 1332 diversity jurisdiction. Defendant Anthony Alford is a domiciliary of Louisiana, residing in Terrebonne Parish. While the defendant Dual Trucking is a Louisiana Limited liability company with its registered office in Houma, Terrebonne Parish, Louisiana. Finally, Tractor is a Montana Corporation with no business presence in Louisiana. The amount in controversy on the underlying obligation is $292,846.30 owed on open account.[8] This clearly satisfies the $75,000.00 amount in controversy requirement.

The Montana action originally sought to have Alford as a defendant, but the Montana court dismissed the Alford for a lack of personal jurisdiction.[9] The Montana court set forth several reasons why Anthony Alford was not subject to the personal jurisdiction of the Montana state court, including:

1. Alford is a nonresident of Montana
2. Alford's presence in Montana was in official capacity as representative of Dual Trucking
3. Alford signed the personal guaranty outside Montana
4. The personal guarantee contained no jurisdictional language
5. Personal guaranty was delivered to Tractor & Equipment's agent in North Dakota
6. The personal guaranty was then faxed from North Dakota to Montana[10]

---

[8] Exhibit E, Invoices
[9] Exhibit D, Page 2
[10] Exhibit D, Page 9

The Montana Court made no determination regarding the validity and enforceability of the surety agreement executed by Alford. Finally, the Montana court concluded, "**Given Alford's Louisiana residency and more, the proper place for any action against Alford is in Louisiana**."[11] (emphasis ours)

### B. Discretion to Dismiss or to Decide Declaratory Action

The final consideration is the court's broad discretion in whether to decide or dismiss the declaratory relief sought. This final consideration invokes the abstention doctrine.

Abstention may be proper when a state court proceeding when the state court proceedings are parallel, which means the same parties and same issues are before both courts. *Bank of New York Mellon Trust Company v. Wagner World, LLC*, 2013 WL 5410301, *2 (E.D. La Sept. 25, 2013). Abstention is only applied to cases in exceptional circumstances. *Id* *2.

It is important to note this present suit is not parallel to the Montana state court proceeding as the same parties are not present in both actions, namely defendant Alford being a party to this instant action, but not a party to the Montana action, a result of his dismissal from the Montana suit for lack of personal jurisdiction.[12] Thus, the Montana state court does not have the ability to decide all matters between all parties, as Alford is not party to the Montana action.

While defendants have asserted that the *Colorado River* abstention factors apply, Tractor submits the *Brillhart* abstention factors are the appropriate abstention factors, which apply when the federal court is asked to exercise its discretion to entertain a declaratory action. *Id* at *1. *Brillhart* abstention factors apply when the relief sought is purely declaratory relief. The United States Supreme Court held in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.C.t. 2137 (1995)

---

[11] Exhibit D, Page 10
[12] Exhibit D, Page 10

that the less demanding *Brillhart* standard rather than *Colorado River* should apply when declaratory relief is sought.

In analyzing the *Brillhart* abstention doctrine, the Fifth Circuit has enumerated the follow lists of the *Trejo* factors in determining whether to decide or dismiss an action for declaratory relief:

> a) whether there is a pending states action in which all of the matters may be fully litigated,
> b) whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant,
> c) whether the plaintiff engaged in forum shopping bringing the suit,
> d) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> e) whether the federal court is a convenient forum for the parties and witnesses;
> f) whether retaining the lawsuit would serve the purpose of judicial economy; and
> g) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *National Cas. Co. v. Tom's Welding, Inc.*, 2012 WL 2064451, *5 (E.D. La. June 7, 2012).

1. **Identical and Pending State Court Actions**

Considering the first and seventh factors together, there is not a parallel proceeding in a state court with all the same parties. As stated previously the Montana action is only between the Tractor and Dual Trucking, as Alford did not have sufficient contacts with Montana to subject him to its personal jurisdiction.[13] The lack of personal jurisdiction over Alford in Montana means that the matters in dispute cannot be fully litigated in the Montana court. Thus the Montana state court is without ability to determine the validity of the Personal Guarantee executed by Alford.

---

[13] Exhibit D., Page 10.

Likewise, this Court is not being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[14] Tractor is seeking no declaratory relief which would require this Court to construe any Order or Judgment from the Montana state court. Tractor has respected the Montana state court decision regarding the lack of personal jurisdiction over Alford. If and when a Montana judgment on open account is attained in favor of Tractor and against Dual Trucking, then Tractor will assert its collection rights against Dual Trucking and Alford in Louisiana. Tractor has come to Louisiana, the domicile of Alford and place of Personal Guarantee execution, in order to pursue its non-parallel suit against the defendants.

2. **Plaintiff Filing In Anticipation of Lawsuit by Defendant.**

The second factor can be disposed of as the prior Montana state court action clearly shows the plaintiff did not file suit in anticipation of suit by defendant. Plaintiff has been in pursuit defendants since the original Montana action was filed in June 2014.[15] In the pending Montana action, defendant, Dual Trucking, has asserted no counterclaims against Tractor.

3. **Forum Shopping on Part of Plaintiff**

Considering the third factor of forum shopping, Tractor has clearly not engaged in forum shopping in order to assert its claim. When the Montana action dismissed Alford for lack of personal jurisdiction, Tractor instituted this herein proceeding in the United States District Court for Eastern District of Louisiana. The Montana court directed Tractor that Louisiana would be the appropriate forum to pursue claims against Alford.[16] This is the appropriate federal forum given Alford resides Terrebonne Parish within the Eastern District of Louisiana.

---

[14] See, *National Union Fire Insurance Company v Trotter et al*, 2013 WL 2369800, *4 ( E.D. LA May 29, 2013).
[15] Exhibit D, Page 2.
[16] Exhibit D, page 10

7

### 4. Inequities to Gain Precedence in Time or Change of Time

The fourth factor likewise weighs in favor of Tractor. Tractor is not seeking to gain any precedence or change the forum. Plaintiff is pursuing its claims on open account for a judgment in the Montana State court. When Tractor obtains a monetary judgment against Dual Trucking in the Montana state court, the plaintiff will then proceed to Louisiana and seek enforcement of the judgment in Louisiana, with Alford acting as the surety for Dual Trucking.

### 5. Federal Forum Convenience to Parties

Regarding the fifth factor of convenient forum to parties, the forum is most inconvenient to Tractor, which is a Montana corporation with no business presence in Louisiana. Yet despite this inconvenience, plaintiff has elected to pursue a declaratory judgment in this proper forum of the defendants' domicile.

Dual Trucking's principal place of business and Alford's domicile both in Terrebonne Parish which is within the Eastern District of Louisiana. Dual Trucking, being a Louisiana limited liability company with its principal places of business in Terrebonne Parish, is a properly sued defendant found within this Court's jurisdiction.[17] Anthony Alford likewise maintains his domicile in Terrebonne Parish, and this is subject to the personal jurisdiction of this Court.

### 6. Judicial Economy

Finally, the lawsuit would serve the purpose of judicial economy under the sixth factor, as declaring the surety valid and enforceable between the parties shall aid in the efficient disposition of this matter upon the judgment in the Montana state court action.

---

[17] Exhibit __. Secretary of State info.

Should the Court find that plaintiff is also seeking coercive relief then the *Colorado River* abstention factors apply. *U.S. Fire Ins. Co. v. Housing Authority of New Orleans,* 917 F. Supp. 2d 581, 588 (2013).

Coercive relief is defined as judicial relief, either legal or equitable, in the form of a personal command to the defendant that is enforceable by physical restraint. While Declaratory relief is defined as a unilateral request to the court to determine the legal status or ownership of a thing.

It is clear from the Complaint filed by plaintiff in this matter the only relief being sought is for declaratory relief that the surety executed by Alford is valid and enforceable. Plaintiff has not sought any additional relief aside from a declaration that the surety is valid and enforceable under either Montana law or Louisiana law.[18] The prayer for relief likewise only prays "this Court award declaratory relief and enter a judgement in favor of plaintiffs… declaring…Anthony Alford is a valid surety to the obligations owed by Dual Trucking and Transportation on open account to Plaintiff."[19]

However, should this Court find the plaintiff has sought coercive relief in addition to the declaratory relief applies, then *Colorado River* factors of abstention would apply. Before considering the various abstention factors, the court should make an initial inquiry into whether the Montana state court action and this instant action are parallel. The term "parallel cases" has been applied to mean the same parties and same issues in separate suits. *U.S. Fire Ins. Co. v. Housing Authority of New Orleans*, 917 F. Supp. 2d 581, 589 (E.D. La. January 17, 2013).

If the same parties and same issues are not before both courts, then abstention should not apply. *Id.* The Montana state court action is a suit on open account with the only parties being

---

[18] R. DOC. 1, P. 5
[19] *Id.*

9

plaintiff Tractor and defendant Dual Trucking. While this instant action concerns the validity and enforceability of the Personal Guarantee underlying the open account obligation, and includes an additional party Alford as a defendant. It is clear these two actions are not parallel in order to warrant abstention under *Colorado River* doctrine.

Should the two actions be found to be parallel, there are six factors under *Colorado River* which must be applied to determine if exceptional circumstances warrants abstention:

1. Assumption by either court of jurisdiction over a res
2. Relative inconvenience of forums
3. Avoidance of piecemeal litigation
4. The order in which jurisdiction was obtained by the concurrent forums,
5. To what extent federal law provides the rules of decision on the merits,
6. The adequacy of state proceedings in protecting the rights of the party invoking federal jurisdiction. See *U.S. Fire Ins. Co.*, 917 F. Supp. 2d at 589.

These factors are balanced heavily in favor of the exercise of jurisdiction. *Id.* This court nor the Montana Court has not assumed jurisdiction over a res in this matter, and the defendants do not assert so.

**1. Relative Inconvenience of Forums**

The Montana court has established proper jurisdiction over Dual Trucking and is a convenient forum for Tractor to pursue its action on open account against Dual Trucking. The United States District Court for the Eastern District of Louisiana encompasses Terrebonne Parish where Alford is domiciled and Dual Trucking maintains its principal place of business. The forum is most convenient for the defendants, and is the proper jurisdiction and venue to pursue claims against Alford, as does not have sufficient connections to Montana to subject himself to personal jurisdiction.

### 2. Avoidance of Piecemeal Litigation

Given the absence of personal jurisdiction over Alford in Montana, there is no option but for Tractor to pursue Alford in Louisiana separately from the Montana action on open account. However, it is important to point out that the separate suits can be fully litigated in separate actions. The suit on open account and the action against surety, Alford, are separate and distinct actions, and does not subject either defendant to incurring multiple inconsistent obligations. Thus this factor weighs against abstention.

### 3. Order in Which Jurisdiction Was Obtained

The Montana action was instituted in 2014, with both Alford and Dual Trucking named as defendants. Alford was dismissed for lack of personal jurisdiction on May 20, 2015. On October 23, 2015, Tractor instituted this instant action against Dual Trucking and Alford in the United States District Court for Eastern District of Louisiana. The Montana action is currently pending summary judgment against the sole defendant Dual Trucking. Given the procedural history, this factor weighs against abstention.

### 4. To What Extent Federal Law Provides the Rules of Decisions on the Merits

While the presence of state law issues are present in this matter regarding the validity of the Personal Guarantee execute by Alford, the presence of state law issues alone is not dispositive to pursuing the claim under diversity jurisdiction. Only in rare circumstances are the presence of state law issues so great that abstention must be favored. See *U.S. Fire Ins. Co.* 917 F. Supp. 2d at 591. Defendants have identified no such rare circumstance which would favor abstention. As such, this factor is neutral.

**5. Adequacy of State Proceedings**

This factor can only be considered neutral or against abstention, and not in favor of abstention. *Id*. This factor weighs heavily against abstention in this matter, as the Montana court is without the ability to decide all issues before the parties, as the Montana court dismissed Alford for lack of jurisdiction.

As the same issues and same parties are not present in both the Montana action and this action, abstention should not apply in this action. Further, considering the various factors under both *Brillhart* and *Colorado River*, abstention is again disfavored, and Tractor should be permitted to pursue its action for declaratory judgment against the defendants.

## 12(b)(6) Motion to Dismiss for Failure to State a Claim

Rules 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 205 (5th Cir. 2007).

A claim is plausible on its face when the plaintiffs plead facts from which the court can "draw reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498 (5th Cir. 2000).

Defendants challenge the validity of the Personal Guarantee on several grounds, which are speculative at best. Defendants assert the practically blank standard form executed by Alford does not constitute a valid suretyship agreement.

**Requirements For Suretyship**

Under La. C.C. Art. 3038, the only formal requirements for suretyship are that a suretyship agreement must be express and in writing. Aside from the requirements of La. C.C. art. 3038, there are no technical forms or requirements to form a valid suretyship agreement. While the Personal Guarantee executed by Alford may not be explicitly identified as a suretyship agreement, La. R.S. 10: § 1-201 (39) defines a surety to include "a guarantor or other secondary obligor." The Louisiana Supreme Court has held that:

> Contracts of guaranty or suretyship are subject to the same rules of interpretation as contracts in general. Agreements legally entered into have the effect of laws on those who formed them and must be performed in good faith. Courts are bound to give legal effect to all such contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences. *Regions Bank v. Tauch*, 2011WL 2020268, *5-*6 (E. D. La May 24, 2011).

Under Louisiana law, there are no "magic words" required to perfect the suretyship agreement. There is no particular form, language, or expression required to create a suretyship agreement, and any language "under the circumstances attending the transaction, may be construed as binding the guarantor to answer for another's debt or default is sufficient." *Reconstruction Finance Corp. v. Mickelberry*, 189 La. 105, 109 (La 1/10/1938). Under the plain language of La C.C. art 3035, a surety "binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." Under La. C.C. art. 3036, a surety may bind himself to any lawful obligation, and the bound principal obligation may be presently existing or arise in the future.

By executing the Personal Guarantee, Alford, a sophisticated businessman and insurance executive, agreed to become a surety for Dual Trucking's debts.[20] The language of the form

---

[20] Exhibit G, Page 2, Affidavit of Anthony Alford, wherein Alford admits the signature on the Personal Guarantee appears to be his own signature.

Personal Guarantee contained within the Application for Commercial Credit, attached to the Petition (DOC ID) and executed by Alford is clear and unambiguous:

> The undersigned…in consideration of your giving credit to the aforesaid applicant, jointly and severally guarantee(s) and agree(s) to pay TRACTOR & EQUIPMENT CO, N.C. MACHINERY CO., MACHINERY POWER & EQUIPMENT CO., N C POWER SYSTEMS CO.  OR ANY OF THEIR RELATED OF AFFILIATE COMPANIES all monies which shall become due you from "DUAL TRUCKING AND TRANSPORT, LLC" by reason of any credit you extended as credit you extend as herein requested, including late payment charges and all costs of collection and reasonable attorney's fees for the recovery of the debt if it is due whether it is incurred by the debtor or guarantor or both. I (We) hereby waive any obligation upon you to make demand on the debtor and waive notice to make demand of the debtor and waive notice of default to me (us) and consent to any extensions and renewals of the debtor's obligation hereof without notice. I (We) authorize TRACTOR & EQUIPMENT CO., N.C. MACHINERY POWER & EQUIPMENT CO., N C POWER SYSTEMS CO., OR ANY OF THE RELATED OR AFFILIATE COMPANIES to release, as its sole option, and from time to time, any and all collateral given it by the debtor without affecting the guarantee[21]

Below this clear and unambiguous language of the Personal Guarantee, Alford executed the agreement in his personal capacity. By signing the Personal Guarantee, Alford also waived notice of default of Dual Trucking, and agreed to pay reasonable attorney's fees.

As there is an Application for Commercial Credit and a separate Personal guarantee, both contracts should be construed together. Had the Personal Guarantee been executed when the Application for Commercial Credit been submitted the Court would be construing two agreements on one single page. The Louisiana Supreme Court has held that "two agreements, of contemporaneous date, one signed by the credit and debtor, and the other by debtor and surety, each making reference to each other, must be construed together; and thus construed, what is doubtful in one may be made clear by what is found in the other." *Isador Bush Wine & Liquor Co. v Wolff*, 48 La. Ann. 918, 19 SO. 765 (La. Feb. 10, 1896). This is precisely the situation

---

[21] Exhibit C

before this Court. The separate Application for Commercial Credit and the Personal Guarantee when construed together are a clear representation of the agreements between parties.

The case, *Chretien v. Bienvenir*, relied upon by defendants to question the validity of the Personal Guarantee is distinguishable from the facts before this Court. The *Chretien* case, dating from 1889, concerns the filing of an incomplete and not required bond document into a succession proceeding. Bond amounts were later improperly supplied by creditors and the court without the consent or knowledge of signatories. Signatories subsequently challenged the validity of the later completed bond and had it declared invalid and annulled a judgment declaring the bond valid.

The credit application and personal guaranty between Tractor and Dual Trucking and Alford is a straight forward arm's length commercial transaction, conducted daily by these parties' course and scope of business operations. On March 19, 2012, Dual Trucking, desiring to rent equipment in Montana and North Dakota, had a representative partially complete the "Application for Commercial Credit" leaving the Personal Guarantee unsigned.

One March 20, 2012, Dual Trucking, having left blank the Personal Guarantee portion of the Application for Commercial Credit, was instructed by Tractor credit specialist, to have the owner or officer of the company sign the attached Application and return for processing.[22]

With this instruction from Tractor, Alford, an owner of Dual Trucking, executed the Personal Guarantee section, which was then returned to Tractor. Having already received a partially completed Application for Commercial Credit, the executed Personal Guarantee was the only relevant portion of the application requiring the signature of Alford.

The Personal Guarantee signed by Alford identifies both the debtor, Dual Trucking & Transport, LLC, and identifies the creditor as Tractor & Equipment Co.[23] The language of the

---
[22] Exhibit B

Personal Guarantee is clear and unambiguous promise to pay the debts of Dual Trucking and Transport.

In response to the purported deficiencies of the Personal Guarantee cited by defendant, plaintiff submits each deficiency cited by defendants is without merit.

Had Alford read the Personal Guarantee before executing and agreeing to its terms, he would have clearly and simply been able to determine the particular obligation identified in the Personal Guarantee is "monies which shall become due you from Dual Trucking and Transport, LLC by reason of any credit you extended as credit you extend as herein requested…"[24]

As to "no particular obligation" being identified contention, even a cursory review of the "Application for Commercial Credit" reveals the particular obligation secured is Dual Trucking's line of credit.

The Louisiana Civil Code articles regarding suretyship do not require any date or time specification to be included with the application, yet reviewing the application signed by Alford in conjunction with the original Application and letter from Tractor & Equipment reveal the Alford Application was signed on or about March 21, 2012.

Further, Dual Trucking and or Alford failed to complete the credit limit requested in the application—an option that Alford failed to exercise in attempting to limit his liability as the personal guarantor. Nor does the Louisiana Civil Code articles on suretyship require a specific amount secured to be stated in a suretyship agreement. As such, Alford is responsible for the entire amount of the outstanding debts of Dual Trucking should Dual Trucking be unable to fulfill its obligations or satisfy any judgment against it and in favor of Tractor in the Montana state court action.

---

[23] Exhibit C
[24] Exhibit C

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss should be denied. Tractor & Equipment Co. has satisfied the diversity of citizenship and amount in controversy to invoke federal jurisdiction, and has prayed for declaratory relief in this action which contains different claims and parties than the underlying Montana state Court Action.

Respectfully submitted;

_____s/ Christopher H. Riviere_____
CHRISTOPHER H. RIVIERE (#11297)
WILLIAM N. ABEL (#33702)
TODD M. MAGEE (#35415)
103 West Third Street
Post Office Box 670
Thibodaux, Louisiana 70302-0670
Telephone: (985) 447-7440
Facsimile: (985) 447-3233

## **C E R T I F I C A T E**

I hereby certify that on this 5th day of February, 2016, a copy of the above and foregoing was filed electronically with the Clerk of Court/ECF System. Notice of this filing will be sent by operation of the court's electronic filing system.

*/s/ Christopher H. Riviere*