CALTON HAMMAN & WOLFF, P.C.
MAY 2 2 2015
LAW FIRM

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| TRACTOR & EQUIPMENT CO., Plaintiffs, vs. DUAL TRUCKING & TRANSPORT, LLC, and ANTHONY ALFORD, Defendants. | Cause No: DV 13-1526<br>Judge: Ingrid Gustafson<br><br>**ORDER and MEMORANDUM** |
|---|---|

This matter comes before the Court pursuant to the following motions: (1) Plaintiff's Motion for Entry of Second Amended Default Judgment against Anthony Alford; (2) Defendant Dual Trucking & Transport's Rule 55(c) Motion to Set Aside Amended Default Judgment; and, (3) Defendant Anthony Alford's Verified 12(b)(2) Motion to Dismiss Anthony Alford for Absence of Personal Jurisdiction. Plaintiff Tractor & Equipment Co. ("Plaintiff") is represented by Rodd Hamman. Defendants Dual Trucking & Transport, LLC, ("Dual Trucking") and Anthony Alford ("Alford") are represented by KD Feeback. Respective responses and replies have been filed to the motions. Hearing was held on April 28, 2015. Accordingly, the Court considers the motions fully briefed, heard, and ready for decision.

**IT IS HEREBY ORDERED** as follows:

1. Defendant Dual Trucking & Transport's Rule 55(c) Motion to Set Aside Amended Default Judgment is **GRANTED**. Defendant Dual Trucking has 21 days from the date of this Order to file an Answer to the Complaint in this matter.

2. Plaintiff's Motion for Entry of Second Amended Default Judgment against Anthony Alford is **DENIED**.


EXHIBIT D

-1-

3. Defendant Anthony Alford's Motion to Dismiss Anthony Alford for Absence of Personal Jurisdiction is **GRANTED**.

## MEMORANDUM

### BACKGROUND

In March 2012, Dual Trucking, a Louisiana limited liability company registered to do business in Montana, entered into an agreement ("Application for Commercial Credit") with the Plaintiff for a line of credit to rent equipment on an open account. Dual Trucking's credit application was completed by B. Scott Chauvin, an accountant for Dual Trucking. Anthony Alford, a resident of Louisiana, is the managing member of Dual Trucking. It is alleged Alford executed a personal guaranty for Dual Trucking's Application for Commercial Credit; however, the personal guaranty was signed on a separate application without much information contained therein. Plaintiff extended credit to Dual Trucking. Dual Trucking used the line of credit to rent equipment from Plaintiff. Plaintiff alleges Dual Trucking became delinquent on that account in 2013 and has brought forth the instant suit to seek recovery of the amount due. On June 9, 2014, Plaintiff served the Summons and Complaint via a process server by leaving the documents with Dual Trucking's receptionist in their home office in Houma, Louisiana. Default was entered against Dual Trucking on July 2, 2014. On December 15, 2014, Plaintiff amended the default judgment to correct a scrivener's error. Alford was personally served with the Summons and Complaint in Louisiana on January 22, 2015. Default judgment was entered against Alford on March 10, 2015. Subsequently, Plaintiff filed a Motion for Entry of Second Amended Default Judgment against Anthony Alford.

### DISCUSSION

There are two issues related to this matter: (1) whether process was properly served upon Defendant Dual Trucking, and (2) does the Court have personal jurisdiction over Defendant Alford. Dual Trucking contends it was not properly served according to the Rule of Civil Procedure and, accordingly, the Default Judgment entered against it must be set aside. Alford contends he was properly served in January 2015, but argues this Court does not have personal jurisdiction over him. Alford, therefore, seeks the Court to deny the Plaintiff's request for a default judgment against him and dismiss him from this matter. Plaintiff argues Dual Trucking was properly served and the Court does have personal jurisdiction over Alford.

## I. Defendant Dual Trucking Was Not Properly Served

Rule 4(i) of the Montana Rules of Civil Procedure outlines the requirements for serving a business or nonprofit entity. On June 9, 2014, Plaintiff served the Summons and Complaint via a process server by leaving the documents with Dual Trucking's receptionist in their home office in Houma, Louisiana. Although Plaintiff contends this was allowable under Rule 4(n), Plaintiff's argument is not persuasive. Rule 4(i)(3)(B) specifically states a business may be served by "leaving copies of the summons and complaint at the office or place of business **within Montana** with the person in charge of such office." *(emphasis added)*. On its face, the method by which Plaintiff served the documents on Dual Trucking in Louisiana is contrary to the methods of service provided under Rule 4. Dual Trucking was not properly served with the Summons and Complaint on June 9, 2014, and default judgment, accordingly, was improperly granted.

Plaintiff also contends that service of Summons and Complaint in Louisiana on January 22, 2015, upon Alford cured any defect in the previous service. That may be true; however, although Alford has admitted to being properly personally served on January 22, 2015, it is questionable whether Alford was served in his capacity as a member of Dual Trucking pursuant to Rule 4(i)(3)(A)(iv). Dual Trucking argues such service was ineffective upon the company because Rule 4(j) controls how a corporation is to

be served if it cannot be found within Montana and Plaintiff did not attempt any method of service upon Dual Trucking in Montana pursuant to Rule 4(i). Again, Plaintiff relies on Rule 4(n), relating to personal service outside Montana, to argue its service upon Alford also served Dual Trucking.

Dual Trucking's argument is twofold: (1) the Plaintiff did not, essentially, exhaust the list of service options provided under Rule 4(i) prior to serving the corporation out of state, and (2) the only way to serve a corporation after exhausting the methods under Rule 4(i) is through the method provided under Rule 4(j), which mandates a corporation not found in Montana be served through the Montana Secretary of State. Plaintiff contends Rules 4(i) and 4(n) allowed it to serve Dual Trucking by serving Alford out of state.

Prior to the revision of the Montana Rules of Civil Procedure in 2011, what is now Rules 4(i) and 4(j) were codified as Rule 4D(2)(e) and Rule 4D(2)(f), respectively. *In re the Proposed Rev. to the Mont. R. Civ. P.*, AF 07-0157 (Mar. 3, 2010). What is now Rule 4(n) was codified as Rule 4D(3). *Id.* Given no post-revision case law exists as to these specific rules, prior case law must be used. In *Nikolaisen v. Advance Transformer Co.*, the Montana Supreme Court stated in order "to utilize the provisions of [Rule 4(j)] and complete service of process by service on the Montana Secretary of State, [the plaintiff] was required to exercise reasonable diligence to find an officer or other representative of Advance to serve in Montana." 2007 MT 352, ¶ 20, 340 Mont. 332, 174 P.3d 940. Because the plaintiff did not exercise due diligence in attempting to serve Advance's out of state address and went straight to serving process upon the Secretary of State, the Court found the service ineffective. *Id.* at ¶ 24. The Court stated "[t]he obvious reason for the procedure allowing service through the Secretary of State is to allow for personal service when a company cannot be otherwise served in the manner provided for in [Rule 4(i)] and [Rule 4(n)]." *Id.* at ¶ 21. Thus, prior to a plaintiff utilizing the method of service upon the Secretary of State as provided in Rule 4(j), the plaintiff must exhaust methods of service available under Rule 4(i) and Rule 4(n).

Rule 4(n) stats that when "a person cannot, with due diligence, be served personally within Montana, service may be made outside Montana in the manner provided for services within Montana. Such service has the same force and effect as though it had been made within Montana." Alford is a member of the member-managed Dual Trucking. Alford was not able to be personally served within Montana. As Alford admits, he was properly, personally served in Louisiana. However, it does not appear from the Affidavit of Service submitted to the Court on January 29, 2015, regarding the personal service on Alford that Alford was also served with the Summons and Complaint in his official capacity as member of Dual Trucking.

A default judgment may be set aside if the judgment is void. Rule 60(b)(4), *Mont. R. Civ. P.* If the defendant is not properly served, the default judgment is void because the Court does not obtain personal jurisdiction over the party. *Nikolaisen v. Advance Transformer Co., supra,* at ¶ 16. Further, "each step of the procedure prescribed by [Rule 4] requires strict and literal compliance to support a judgment based on a substituted or constructive service." *Id.* Plaintiff has made no showing that Alford was served on January 22, 2015, in his capacity as member of Dual Trucking. Further, Plaintiff has made no showing there were no others on whom service could be more appropriately made on behalf of Dual Trucking in the State of Montana prior to its attempted service on Alford via Rule 4(n). *See Kraus v. Treasure Belt Mining Co.,* 146 Mont. 432, 408 P.2d 151 (1965)(Court notes in dictum the plaintiff's failure to show there was no others service could be more appropriately made). Accordingly, **Defendant Dual Trucking & Transport's Rule 55(c) Motion to Set Aside Amended Default Judgment is GRANTED. As it has now made an appearance in this matter, Dual Trucking has 21 days from the date of this Order to file an Answer to the Complaint.**

II. The Court Does Not Have Personal Jurisdiction over Defendant Anthony Alford

Alford was personal served on January 22, 2015. Default was entered against him on March 10, 2015. Plaintiff also filed a Motion for Entry of Second Amended Default Judgment against Anthony

Alford on March 10, 2015. Although Alford did not make an official appearance through counsel until March 17, 2015, when counsel paid the appearance fee, it appears the delay was caused with an issue with the Clerk of Court. On February 17, 2015, Defendants filed a Rule 55(c) Motion to Set Aside Amended Default Judgment, signed by counsel KD Feeback on February 13, 2015. The Motion explicitly states: "Defendant Dual Trucking & Transport, LLC, appears and respectfully moves this Court to set aside the default judgment entered in the referenced matter on January 9, 2015, for want of jurisdiction. Defendant Anthony Alford similarly appears only for the purpose of setting aside the January 8, 2015, default judgment for want of personal jurisdiction." Regardless of the Clerk of Court's insistence Alford's appearance in the Motion was not sufficient without payment of an appearance fee separate of that submitted for Dual Trucking, the Court considers February 17, 2015, as the date of Alford's first appearance in this matter. Given delay for mailing, Alford's appearance was timely in this matter and the default that was entered against him on March 10, 2015, was in error. Accordingly, **Plaintiff's Motion for Entry of Second Amended Default Judgment against Anthony Alford is DENIED.**

Plaintiff argues Alford waived his ability to object to personal jurisdiction because he joined Dual Trucking's motion to set aside the default judgment, filed an objection to the default against himself, and only then filed a motion to dismiss for lack of personal jurisdiction. However, as quoted above, the Rule 55(c) Motion to Set Aside Amended Default Judgment filed on February 17, 2015, specifically states "Defendant Anthony Alford similarly appears only for the purpose of setting aside the January 8, 2015, default judgment for want of personal jurisdiction." Alford did not waive his ability to argue this point before the Court.

Alford contends the Court does not have personal jurisdiction over him because he is not present in Montana and his contacts with Montana are not sufficient to give rise to the applicability of long-arm jurisdiction. Plaintiff counter-argues Alford has sufficient contact with Montana to apply long-arm jurisdiction and such jurisdiction does not offend traditional notions of fair play and substantial justice.

Absent personal jurisdiction, this Court is without power to rule on the merits of the Plaintiff's complaint against Anthony Alford. *See Bunch v. Lancair Int'l, Inc.*, 2009 MT 29, ¶ 19, 349 Mont. 144, 202 P.3d 784 (*citation omitted*). A two part test is used to determine whether Montana may exercise personal jurisdiction over a nonresident such as Alford. First, the Court must determine whether either general or specific personal jurisdiction exists pursuant to Rule 4(b)(1), Mont. R. Civ. P. If such personal jurisdiction exists, the Court must then determine whether the exercise of such jurisdiction comports with traditional notions of fair play and substantial justice that is embodied within the Due Process Clause. *Bird v. Hiller*, 270 Mont. 467, 470, 892 P.2d 931, 933 (1995). Alford is a nonresident of Montana and was personally served with the Summons and Complaint in this matter in Louisiana. He has never been "found in Montana" for the purposes of general jurisdiction under Rule 4(b)(1). Hence, the crux of the issues becomes whether the Court has specific jurisdiction over Alford via the application of long-arm jurisdiction.

The Plaintiff asserts the following facts establish specific jurisdiction in Montana over Alford: (1) Alford is an owner and member of Dual Trucking; (2) Dual Trucking maintained an office and was conducting business in Montana; (3) as part of that business, Dual Trucking asked Plaintiff to extend a line of credit; (4) Dual Trucking submitted a credit application and Alford submitted a personal guaranty to Plaintiff in Billings, Montana; (5) based on Alford's personal guaranty, Plaintiff extended credit to Dual for business activities in Montana; and (6) Dual Trucking used the line of credit to rent equipment from Plaintiff's branch in North Dakota and used said equipment in its business operations in Montana.

Alford admits he occasionally visited Dual Trucking in Bainville, Montana. However, Alford contends his attenuated visits were solely within his management role within the company and not within a personal capacity. Montana does not recognize the affairs of officer or agents of companies as sufficient to trigger personal jurisdiction when not undertaken in a personal capacity. *See Little v. Grizzly Mfg.*, 195 Mont 419, 424, 636 P.2d 839 (1981). The execution of a personal guaranty would be an act undertaken in a personal capacity. It appears the only act by Alford which specifically ties him to

Montana in this matter is his signature on the personal guaranty contained within the separate—and relatively incomplete—credit application alleged to have been executed in conjunction with the credit application previously submitted to Plaintiff by Dual Trucking. On its face, neither document references or incorporates the other. Further, although it is alleged it is Alford's signature contained in the personal guaranty section, there is no other information identifying Alford on that application, including the portion of the personal guaranty for the personal guarantor's name and address. Additionally, although the credit application contains a clause granting Montana jurisdiction over the contract, the personal guaranty, which is boxed and separated from the body of the main application, does not include such a jurisdictional clause.

The Montana Supreme Court has previously held that a non-resident defendant "does not subject himself to the jurisdiction of Montana by merely entering into a contract with a resident of Montana." *Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 14, 315 Mont. 1, 67 P.3d 258. Although Plaintiff argues Alford ignores the fact he signed and delivered a personal guaranty to the Plaintiff in Montana, the facts are not so simple. It is alleged Alford signed the personal guaranty. Alford, however, argues the personal guaranty is not legally valid. Regardless, if Alford did sign the guaranty, the exchange of said guaranty was via email. Such exchange is akin to that in *Bird v. Hiller*, in which the Montana Supreme Court held that "personal jurisdiction is not acquired through interstate communication made pursuant to a contract that is to be performed in another state." 270 Mont. 467, 473, 892 P.2d 931, 934 (1991).

Plaintiff admits in its Brief Opposing Motion to Dismiss for Lack of Personal Jurisdiction that "[i]f the only contact is entering a contract with a Montana company, that alone does not create jurisdiction in Montana. The court must also consider the underlying facts relating to performance of that contract." Plaintiff then argues the contract at issue herein was to be performed in Montana and not in another state. However, it is questionable whether the contract was to be performed exclusively in Montana or elsewhere. Although Alford admits in his motion that the services were intended to be performed in Montana, as evidenced at hearing, there appears to be an ongoing issue between the parties

as to whether North Dakota tax was to be paid on the Plaintiff's equipment which was rented by Dual Trucking in North Dakota. Specifically, counsel for Plaintiff stated, "the customer in this case, Dual, did not inform T&E at the time they were using the equipment in Montana, in which case the North Dakota sales tax doesn't apply. They complained about that and T&E has paid approximately $23,000 in North Dakota sales tax, which it is out of pocket [...] the North Dakota sales tax is still part of this bill." Further, the emails attached as exhibits to the Affidavit of Damon Wenz, Plaintiff's regional credit manager, appear to show that Dual Trucking was specifically working with Plaintiff's rental coordinator Sarah Henderson, located in Williston, North Dakota. It also appears Sarah Henderson received Dual Trucking's credit application and Alford's alleged personal guaranty and, subsequently, faxed those to Plaintiff's agent in Montana.

Even if Alford did sign the personal guaranty such minimal contact with the state of Montana is not substantial enough to grant this Court specific jurisdiction over him given the following information contained in the documents submitted by the parties: (1) Alford is a nonresident of Montana; (2) Alford's visits to Montana have been under his official capacity within the business, but not related to the specific transaction of the execution of the personal guaranty or Dual Truck's execution of the credit application with Plaintiff; (3) Alford signed the personal guaranty outside of the state of Montana; (4) the personal guaranty include no jurisdictional language subjecting the grantor to jurisdiction in Montana; (5) the personal guaranty was delivered to Plaintiff's agent located in North Dakota; (6) Plaintiff's North Dakota agent faxed the guaranty to Montana; (7) there are no references or integrating language included in Dual Trucking's credit application as to Alford's personal guaranty or vice versa; (8) Plaintiff admits it did not know Dual Trucking was using the line of credit to rent equipment from Plaintiff for use in Montana; and, (9) sales tax in North Dakota for the use of Plaintiff's equipment is part of the amount in dispute in this matter.

//

//

Given there is no general or specific jurisdiction over Alford, there is no need to analyze whether jurisdiction over Alford comports with the Due Process Clause. Accordingly, **Defendant Anthony Alford's Motion to Dismiss Anthony Alford for Absence of Personal Jurisdiction is GRANTED.** Given Alford's Louisiana residency and more, the proper place for any action against Alford is in Louisiana.

DATED this 20th day of May, 2015.

_____
HON. INGRID GUSTAFSON, DISTRICT JUDGE

cc: Rodd Hamman, *Esq.*
KD Feeback, *Esq.*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was duly served by mail upon the parties or their attorneys of record at their last known address this 20th day of May, 2015.
Honorable Ingrid Gustafson
By _Beverly J. Moore_