UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACTOR AND EQUIPMENT CO. | CIVIL ACTION |
| VERSUS | NO. 15-5413 |
| DUAL TRUCKING AND TRANSPORT, LLC, AND ANTHONY ALFORD | SECTION: R |

## ORDER AND REASONS

Defendants Dual Trucking and Transport, LLC and Anthony Alford move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants urge the Court to dismiss Tractor and Equipment Co.'s claim against Anthony Alford for failure to state a claim, and to abstain from deciding a purported claim against DTT in deference to a related Montana state-court proceeding. The Court denies defendants' request for abstention as moot and finds that plaintiff states a plausible claim against Alford as Dual Trucking and Transport, LLC's surety.

### I. BACKGROUND

This action arises out of the alleged default of Dual Trucking and Transport, LLC (DTT) under an open account agreement with Tractor and

Equipment Co.[1] Tractor and Equipment originally sued DTT and Anthony Alford in Montana state court, alleging that DTT had an unpaid account balance of $292,646.30.[2] Tractor and Equipment also alleged that Alford had personally guaranteed DTT's open account and was therefore jointly liable for the amounts due under its open account agreement.[3] The Montana court dismissed the claims against Alford for lack of personal jurisdiction, and later entered summary judgment in favor of Tractor and Equipment and against DTT on the open account.[4] After the Montana court dismissed Alford from that litigation, Tractor and Equipment filed this suit seeking a declaratory judgment that Alford's surety contract is valid and enforceable.

The complaint alleges that a DTT employee sent Tractor and Equipment a form application for credit on or about March 19, 2012.[5] The application consisted of two parts, first a section requesting information on the entity seeking credit and a signature of the applicant, and second, a

---

[1]      R. Doc. 1 at 1 ¶ 1.

[2]      *Id.* at 3 ¶ 7.

[3]      *Id.* at 4 ¶ 11.

[4]      R. Doc. 5-4 at 10; R. Doc. 6-3 at 7.

[5]      R. Doc. 1 at 3 ¶ 8.

personal guarantee.[6]  The next day, a Tractor and Equipment employee informed DTT in writing that the "Personal Guarantee" section was not signed, and requested that an owner or officer of DTT sign an attached copy of the form application for credit.[7]  Alford signed the credit application form supplied by Tractor and Equipment and returned it the following day.[8]

The application for credit form Alford signed was identical to the copy DTT submitted on March 19, except that the March 19 copy was, with the exception of the "Personal Guarantee" section, mostly filled-out.[9]  It was signed on the line requesting the signature of an owner, principal, or authorized officer or partner of the applicant.[10]  By contrast, the form Alford allegedly signed was nearly blank.[11]  It identified only the applicant's corporate name and address, and it was not signed by a corporate representative.[12]

---

[6]   R. Doc. 1-3.

[7]   *Id.* at 3 ¶ 9; R. Doc. 1-4.

[8]   R. Doc. 1 at 4 ¶ 10; R. Doc. 1-5.

[9]   *See* R. Doc. 1-3.

[10]  *Id.*

[11]  *See* R. Doc. 1-5.

[12]  *Id.*

Tractor and Equipment asserts that the version of the application that Alford signed is a valid surety agreement and that Alford is therefore jointly liable for DTT's full $292,646.30 debt.[13] Defendants allege that the agreement is invalid, and move to dismiss Tractor and Equipment's claim for a declaratory judgment regarding the validity of the surety agreement under Rule 12(b)(6).[14] Defendants also move this Court to dismiss, in deference to the Montana proceedings, a purported claim for a declaratory judgment on the validity of DTT's underlying debt.[15]

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences

---

[13]    R. Doc. 1 at 1 ¶ 1.

[14]    R. Doc. 4.

[15]    *Id.*

in favor of the plaintiff.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true.  *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. DTT – Abstention

As an initial matter, the Court considers defendants' abstention argument.  Defendants ask this Court to abstain from deciding the validity of DTT's underlying obligation to Tractor and Equipment in deference to the Montana proceedings.  Tractor and Equipment insists that it never asked the

Court to rule on DTT's obligation, and that the "only relief" it seeks is "declaratory relief that the surety executed by Alford is valid and enforceable."[16]

The complaint itself is ambiguous. It names DTT as a defendant, and once, in the middle of a long sentence, asks the Court to "[d]eclar[e] valid and enforceable obligation [sic.] against Dual Trucking and Transport."[17] By contrast, the complaint states several times that Tractor and Equipment seeks declaratory relief as to the validity of Alford's surety agreement, and the single reference to DTT's obligation is found in a section titled "DELCARATORY [sic.] RELIEF-SURETY IS VALID AND ENFORCEABLE."[18]

Faced with this ambiguity, the Court accepts Tractor and Equipment's interpretation of its own complaint as seeking only a declaratory judgment that Alford's surety agreement is valid. *See Gen. Chemicals, Inc. v. Exxon Chemical Co., USA*, 625 F.2d 1231, 1234 (5th Cir. 1980) (considering plaintiff's briefing in interpreting complaint that was "not a model of clarity"); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033,

---

[16]  R. Doc. 5 at 9.

[17]  R. Doc. 1 at 5 ¶ 18.

[18]  *Id.* at 1, 4, 5.

1040 (9th Cir. 2003) (deferring to plaintiff's more limited interpretation of the claims brought in its ambiguous complaint). Because Tractor and Equipment does not ask this Court to decide the validity of DTT's underlying obligation, the portion of defendants' motion that asks the Court to abstain from answering this question is denied as moot.

### B. Alford – Failure to State a Claim

Defendants also argue that Tractor and Equipment has failed to state a claim against Alford because Alford's alleged guaranty is invalid as a matter of law. The parties agree that Louisiana law governs the validity of the alleged surety contract.

"In Louisiana, a contract of guaranty is equivalent to a contract of suretyship." *LBUBS 2004-C8 Derek Drive, L.L.C. v. Gerbino*, No. 13-2264, 2014 WL 2446362, at *5 (W.D. La. May 30, 2014) (quoting *Finova Capital Corp. v. Short's Pharm., Inc.*, 904 So. 2d 57, 59 (La. App. 2 Cir. 2005)). In a contract of suretyship "a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." La. Civ. Code art. 3035. To bind a surety, a contract must be "express and in writing." La. Civ. Code art. 3038. "The surety's contract need not observe technical formalities, but must contain an absolute expression of intent to be bound."

*Pelican State Wholesale, Inc. v. Mays*, 15 So. 3d 341, 343 (La. App. 2 Cir. 2009).

Here, Tractor and Equipment alleges that Alford signed a form contract entitled "Application for Commercial Credit."[19] Although much of the document consists of unfilled blank spaces, it identifies "Dual Trucking and Transport LLC" as the applicant for credit.[20] Further, Alford's alleged signature appears under the heading "PERSONAL GUARANTEE."[21] Directly above the signature, the document reads, in part:

> The undersigned, _____, in consideration of your giving credit to the aforesaid applicant, jointly and severally guarantee(s) and agree(s) to pay to TRACTOR & EQUIPMENT CO., N C MACHINERY CO., MACHINERY POWER & EQUIPMENT CO., N C POWER SYSTEMS CO. OR ANY OF THEIR RELATED OR AFFILIATED COMPANIES all monies which shall become due you from <u>Dual Trucking and Transport LLC</u> by reason of any credit you extended as credit you extend as [sic.] herein requested, including late payment charges and all costs of collection and reasonable attorney's fee for recovery of the debt if it is due whether it is incurred by the debtor or guarantor or both.[22]

---

[19]    R. Doc. 1-5.

[20]    *Id.*

[21]    *Id.*

[22]    *Id.*

Drawing all reasonable inferences in favor of the plaintiff, the Court cannot conclude as a matter of law that the alleged contract does not "contain an absolute expression" of Alford's "intent to be bound." *Pelican State*, 15 So. 3d at 343. The agreement clearly identifies the applicant or principal obligor (DTT), the creditor (Tractor and Equipment), and states Alford's agreement to guarantee and pay the creditor "all monies" due from the principal obligor by reason of "any credit extended" at request of the principal obligor.[23] As a result, defendants' motion to dismiss Tractor and Equipment's claims against Alford must be denied.

Defendants' citation to *Chretien v. Bienvenir*, 6 So. 553 (1889), does not disturb this conclusion. In that case, the Louisiana Supreme Court declared unenforceable a form contract so incomplete that the document contained "nothing defining or expressing any obligation whatsoever." *Id.* at 554. *Chretien* does not, however, stand for the blanket proposition that all alleged surety contracts with unfilled blanks are invalid. The contract at issue in this case is distinguishable, among other reasons, because the *Chretien* contract "mention[ed] no principal obligor." *Id.*

---

[23] R. Doc. 1-5.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to dismiss Tractor and Equipment's complaint.

New Orleans, Louisiana, this  7th   day of June, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE