UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TRACTOR AND EQUIPMENT CO.                    CIVIL ACTION

VERSUS                                        NO. 15-5413

DUAL TRUCKING AND TRANSPORT,                  SECTION: R
LLC, AND ANTHONY ALFORD


## ORDER AND REASONS

Before the Court is plaintiff's motion to reopen this matter and for further relief.[1] For the following reasons, the Court grants the motion.


## I.    BACKGROUND

This case arises out of an open account agreement between Plaintiff Tractor and Equipment Co. and Defendant Dual Trucking and Transport, LLC (DTT).[2]   In March 2012, DTT applied for credit from plaintiff.[3] Defendant Anthony Alford, a 50 percent owner of DTT, signed a personal guarantee promising to repay Tractor and Equipment any monies due

---

[1]    R. Doc. 48.
[2]    R. Doc. 1 at 3 ¶ 7.
[3]    R. Doc. 46 at 1-2.

because of the credit extended to DTT, including late payment charges, costs of collection, and a reasonable attorney's fee for recovery of the debt.[4]

Tractor and Equipment sued DTT and Anthony Alford in Montana state court, alleging that DTT had an unpaid account balance of $292,846.30.[5] The Montana court dismissed the claims against Alford for lack of personal jurisdiction in May 2015.[6] On March 8, 2016, the Montana court entered judgment against DTT in the amount of $292,846.30, plus interest at the rate of 18 percent per annum from October 31, 2013, attorneys' fees in the amount of $30,508.50, and costs in the amount of $1,111.55.[7]

On October 23, 2015, Tractor and Equipment filed suit in this Court seeking a declaratory judgment against Alford and DTT.[8] On April 3, 2017, the Court granted Tractor and Equipment's motion for summary judgment and declared that Alford's personal guarantee is a valid and enforceable surety agreement.[9] On April 12, 2017, Alford and DTT filed a notice of appeal of the Court's declaratory judgment.[10]

---

[4]     *Id.* at 2, 5.
[5]     R. Doc. 1 at 3 ¶ 7.
[6]     R. Doc. 5-4 at 10.
[7]     R. Doc. 16-8.
[8]     R. Doc. 1.
[9]     R. Doc. 46; R. Doc. 47.
[10]    R. Doc. 49.

Tractor and Equipment now moves to reopen this matter and requests that the Court grant it further relief in the form of monetary damages, interest, attorneys' fees, and costs.[11]

## II.    DISCUSSION

### A. Availability of Further Relief

After entering a declaratory judgment, the Court may grant "[f]urther necessary or proper relief . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.   The decision to grant further relief, including monetary damages, is within the Court's discretion. *See Noatex Corp. v. King Const. of Houston, LLC,* 732 F.3d 479, 487 (5th Cir. 2013) ("Monetary damages are allowed under this provision and we review a district court's decision to grant or deny such monetary damages for abuse of discretion."); *see also United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 569-71 (5th Cir. 2005).

The Court's declaratory judgment determined the legal rights of the parties in this matter.   The Montana court found that DTT owes plaintiff

---

[11]    R. Doc. 48.

damages, interest, attorneys' fees, and costs.[12]  After the Montana judgment was entered, the Court declared that Alford's personal guarantee accompanying DTT's credit application is a valid and enforceable surety agreement.[13]  Alford is therefore liable for DTT's debts to Tractor and Equipment.

The Court retains jurisdiction to grant further relief even though an appeal is pending in this matter.  *See United Teacher*, 414 F.3d at 572-73.  As the Fifth Circuit has explained, courts "have consistently held that neither the filing of an appeal nor a lengthy delay after the trial court's initial ruling terminates the court's authority to grant further relief pursuant to § 2202." *Id.* at 572; *see also Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d 546, 548 n.3 (D.C. Cir. 1988) (finding that the Declaratory Judgment Act's provision for further relief is a statutory reservation to the general rule that an appeal divests district court of jurisdiction).

Defendants concede that the Court retains the power to grant some further relief during the pendency of an appeal.[14]  But defendants argue that plaintiff's request for interest and attorneys' fees is outside the scope of the Court's declaratory judgment and would impermissibly expand the

---

[12]     R. Doc. 16-8.
[13]     R. Doc. 47.
[14]     R. Doc. 58 at 2.

judgment currently on appeal.[15] *See Public Citizen v. Carlin,* 2 F. Supp. 2d 18, 20 (D.D.C. 1998) ("The filing of a notice of appeal divests this Court of jurisdiction to alter, amend, or expand a declaratory judgment. The Court retains authority, however, to order 'further necessary or proper relief' to enforce its declaratory judgment.") (internal citation omitted).

The relief requested here does not require an expansion of the declaratory judgment. The Court's order[16] granting declaratory judgment included the text of the personal guarantee, which reads as follows:

**<u>PERSONAL GUARANTEE</u>**

> The undersigned, _____, in consideration of your giving credit to the aforesaid applicant, jointly and severally guarantee(s) and agree(s) to pay to TRACTOR & EQUIPMENT CO., N C MACHINERY CO., MACHINERY POWER & EQUIPMENT CO., N C POWER SYSTEMS CO. OR ANY OF THEIR RELATED OR AFFILIATED COMPANIES all monies which shall become due you from <u>Dual Trucking and Transport LLC</u> by reason of any credit you extended as credit you extend as [sic] herein requested, including late payment charges and all costs of collection and reasonable attorney's fee for recovery of the debt if it is due whether it is incurred by the debtor or guarantor or both.

---

[15] *Id.* at 2-3. Defendants also contend that the Court has already rejected plaintiff's request to amend its complaint to seek monetary relief. *Id.* at 1-2. The Magistrate Judge denied plaintiff's motion for leave to amend for lack of jurisdiction and as moot in light of this motion for further relief. R. Doc. 56. This was not a rejection of plaintiff's request on the merits.

[16] R. Doc. 46 at 5.

This guarantee unambiguously obliges Alford to pay Tractor and Equipment the money owed by DTT as a result of the credit extended, including any "late payment charges and all costs of collection and reasonable attorney's fee[s] for recovery of the debt."[17] Attorneys' fees based on a contractual agreement to pay fees are a proper subject for collateral relief under § 2202. *See Bilmar Drilling, Inc. v. IFG Leasing Co.*, 795 F.2d 1194, 1200, 1202 (5th Cir. 1986); *see also Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 216, 218 (5th Cir. 1988) (finding that attorneys' fees are recoverable under § 2202 where permitted by contract).

The Montana court has already determined that DTT owes Tractor and Equipment damages, interest, costs, and attorneys' fees.[18] The Court's declaratory judgment in this matter "conclusively established the validity" of Alford's personal guarantee of DTT's debts, including interest and fees, and "the denial of the motion for further relief would effectively render this declaratory judgment meaningless." *United Teacher,* 414 F.3d at 574.

Defendants' attempts to distinguish *United Teacher* are unavailing. Defendants argue that further relief in *United Teacher* was appropriate only because the declaratory judgment at issue in that case required specific

---

[17] *Id.*
[18] R. Doc. 16-8.

6

performance of contractual obligations.[19] *Id.* at 569. Defendants further contend that, because plaintiff's suit for declaratory relief did not specifically seek interest, attorneys' fees, or a declaration as to how much debt Alford guaranteed, the Court cannot award such relief now.[20] But the request for monetary damages in *United Teacher* was similarly raised for the first time in a motion for further relief, and came in addition to a request for specific performance. *Id.* at 569, 572. As is the case here, monetary damages "flowed from, and [were] consistent with, the declaratory judgment," but were not part of the earlier judgment. *Id.* at 573.

The purpose of 28 U.S.C. § 2202 is to enable courts to grant *further* relief, not merely relief already required by the terms of the declaratory judgment. *See, e.g., Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g Co.*, 255 F.2d 518, 522 (2d Cir. 1958) (holding that further relief "need not have been demanded, or even proved, in the original action for declaratory relief"). Defendants cannot "nullify [their] adversary's right to § 2202 relief merely by lodging an appeal." *Horn & Hardart Co.,* 853 F.2d at 548.

---

[19]    R. Doc. 58 at 3.
[20]    *Id.*

The Court therefore finds that plaintiff is entitled to recover from Alford the full amount of damages, interest, costs, and attorneys' fees that the Montana court determined DTT owes plaintiff.

## B. Attorneys' Fees

Under the terms of Alford's personal guarantee, plaintiff is also entitled to recover from Alford additional reasonable attorneys' fees and costs incurred in enforcing the surety agreement and the Montana judgment.[21] *See Mercantile Nat'l Bank*, 850 F.2d at 216, 218. Plaintiff requests $49,535.10 in attorneys' fees, expenses, and costs related to the prosecution of its claim.[22] Defendants object to an award of attorneys' fees and ask for an additional hearing and discovery on the amount of fees.[23]

The Court finds that no further hearing with regard to attorneys' fees is necessary. As part of its motion for further relief, plaintiff's counsel submitted a detailed description of the work performed and hours incurred in the representation of this matter.[24] Defendants had notice and an opportunity to contest the reasonableness of the fees claimed, and failed to

---

[21] R. Doc. 46 at 5; R. Doc. 1-5.
[22] R. Doc. 48-1 at 8, R. Doc. 48-2 at 2.
[23] R. Doc. 58 at 3-4.
[24] R. Doc. 48-2.

do so.  Defendants are not entitled to another opportunity to challenge plaintiff's fee request.[25]

Because the Court is sitting in diversity and plaintiff's right to attorneys' fees arises out of a surety agreement declared valid under Louisiana law, "[s]tate law controls both the award of and the reasonableness of" attorneys' fees. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Under Louisiana law, courts may inquire into the reasonableness of attorneys' fees and should consider: "(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation, (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge." *State v. Williamson,* 597 So. 2d 439, 441-42 (La. 1992).

These factors are derived from Rule 1.5(a) of the Louisiana Rules of Professional Conduct. *Id.* at 442 n.9.  Among the factors listed in Rule 1.5(a)

---

[25]  Defendants appear to suggest that an additional hearing is required because the statute provides that further relief may be granted "after reasonable notice and hearing." 28 U.S.C. § 2202.  This motion was properly submitted on the briefs, without an oral hearing, under Fed. R. Civ. P. 78 and Local Rule 7.2.  Defendants did not request oral argument under Local Rule 78.1.  The Court is therefore not required to provide defendants with an additional hearing.

is "[t]he fee customarily charged in the locality for similar legal services." *Id.* The Court need not expressly consider all the factors, however, and may multiply the number of hours worked by an hourly rate the Court deems reasonable. *See Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988).

Plaintiff submits the affidavit of its lead counsel, Christopher Riviere, as well as an itemized billing statement, as evidence of the attorneys' fees and costs it has incurred.[26] Plaintiff requests an hourly rate of $225 per hour for attorneys and $95 per hour for paralegals.[27] Riviere attests that he has over 35 years of relevant legal experience, and his associates William Abel and Todd Magee have 5 years and 3.5 years of experience, respectively.[28] The Court finds that the requested hourly rates are reasonable, and well within the range that this Court has approved in similar cases. *See, e.g., DirectTV, LLC v. Ertem,* No. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (approving hourly rates of $350/hour for partners, $250/hour for associates, and $95/hour for legal assistants); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC,* No. 10-4151, 2014 WL 5039670, at *8-9 (E.D.

---

[26] R. Doc. 48-2.
[27] *Id.* at 2.
[28] *Id.* at 2-3.

La. Sep. 25, 2014) (finding reasonable hourly rates ranging from $225/hour to $325/hour for attorneys and $100/hour for paralegals).

The Court has reviewed line by line the billing statement submitted on behalf of plaintiff's counsel and finds the hours expended to be reasonable.[29] The billing statement and the record reflect that plaintiff's counsel prepared the initial complaint, drafted various motions and supporting documentation in both federal and state courts, successfully defended against a motion to dismiss, and prevailed in this Court on cross motions for summary judgment.[30] The Court therefore finds that plaintiff is entitled to attorneys' fees and costs in the amount of $49,535.10 as a result of its legal efforts in Louisiana to collect on the debt owed by defendants.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to reopen this case and for further relief is GRANTED.

---

[29]    Several entries in the itemized bill are blacked out and it is not possible to ascertain what work was performed. The Court has subtracted the amounts associated with the blacked-out entries from the total fees. After removing these entries, the Court finds that the itemized bill still includes at least $49,535.10 in valid fees and costs. *See* R. Doc. 48-2.

[30]    *See* R. Doc. 14; R. Doc. 46; R. Doc. 48-2.

IT IS ORDERED that there be a judgment in favor of plaintiff against Defendant Anthony Alford in the amount of $292,846.30 in principal, plus interest at the rate of 18 percent per annum from October 31, 2013, attorneys' fees in the amount of $30,508.50 and costs in the amount of $1,111.55.  IT IS FURTHER ORDERED that there be a judgment in favor of plaintiff against Alford in the additional amount of $49,535.10 for attorneys' fees incurred by plaintiff in enforcing Alford's guarantee and the Montana judgment in Louisiana.

New Orleans, Louisiana, this __22nd__ day of August, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE