UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACTOR AND EQUIPMENT CO. | CIVIL ACTION |
| VERSUS | NO. 15-5413 |
| DUAL TRUCKING AND TRANSPORT, LLC, AND ANTHONY ALFORD | SECTION: R |

## ORDER AND REASONS

Before the Court is defendant's motion for a stay of the proceedings and approval of a supersedeas bond.[1] For the following reasons, the motion is granted in part and denied in part.

### I. BACKGROUND

This case arises out of an open account agreement between Plaintiff Tractor and Equipment Co. and Defendant Dual Trucking and Transport, LLC (DTT).[2] DTT applied for credit from plaintiff in March 2012, and Defendant Anthony Alford executed a personal guarantee of the loan.[3] DTT defaulted on the loan, and plaintiff brought suit in Montana state court to

---

[1] R. Doc. 68.
[2] R. Doc. 1 at 3 ¶ 7.
[3] R. Doc. 64 at 1-2.

recover the unpaid balance.[4] On March 8, 2016, the Montana court entered judgment in favor of plaintiff against DTT in the amount of $292,846.30, plus interest at the rate of 18 percent per annum from October 31, 2013, attorneys' fees in the amount of $30,508.50, and costs in the amount of $1,111.55.[5] The Montana court found that it lacked personal jurisdiction over Alford.[6]

On April 3, 2017, this Court declared that Alford's personal guarantee is a valid and enforceable surety agreement.[7] On August 22, 2017, the Court granted plaintiff further relief under 28 U.S.C. § 2202 and issued a judgment against Alford in the amount of the Montana court judgment and $49,535.10 in attorneys' fees incurred by plaintiff in enforcing Alford's guarantee and the Montana judgment in Louisiana.[8] Defendants timely appealed the Court's declaratory judgment[9] and its grant of further relief.[10]

Defendants now move for a stay of the proceedings pending appeal and approval of a supersedeas bond in the amount of $448,801.74.[11]

---

[4] *Id.* at 2.
[5] R. Doc. 16-4.
[6] R. Doc. 5-4.
[7] R. Doc. 47.
[8] R. Doc. 64; R. Doc. 65.
[9] R. Doc. 49.
[10] R. Doc. 66.
[11] R. Doc. 68.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 62(d), a party appealing a money judgment is entitled to an automatic stay of the judgment upon posting a supersedeas bond. *See Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). This "stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Local Rule 62.2 provides that "[a] supersedeas bond staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise." E.D. La. Civ. R. 62.2.

The parties offer differing interpretations of "the amount of the judgment" under Local Rule 62.2. The Court's August 22, 2017 judgment awarded plaintiff $292,846.30 in principal, plus interest at the rate of 18 percent per annum from October 31, 2013, $30,508.50 in Montana attorneys' fees, $1,111.55 in Montana costs, and $49,535.10 in Louisiana attorneys' fees.[12] Defendants argue that the amount of the judgment should be calculated exclusive of the 18 percent per annum interest, because the 20 percent premium required by Local Rule 62.2 is designed to cover interest.[13] Plaintiff contends that the 18 percent interest is part of the judgment.[14]

---

[12] R. Doc. 64; R. Doc. 65.
[13] R. Doc. 68-2 at 2.
[14] R. Doc. 70 at 2.

3

Defendants misunderstand the interest requirement in Local Rule 62.2. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal," and the Fifth Circuit has therefore instructed that the amount of the bond should ordinarily include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). The 18 percent per annum interest that has accrued since October 31, 2013 is an integral component of the judgment remaining unsatisfied, and forms part of the current status quo. This accrued interest serves to compensate plaintiff for defendants' failure to pay their debts for almost four years. The 20 percent premium required by Local Rule 62.2 serves to preserve the status quo by covering plaintiff's *future* interest, costs on appeal, and damages for delay. *See id.* at 1191 (explaining that the "bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution during the course of an ineffectual appeal").

Defendants further argue that the Court should exercise its discretion to approve a reduced bond.[15] A district court may depart from the usual requirement for a full supersedeas bond if the judgment debtor objectively

---

[15] R. Doc. 68-2 at 3.

demonstrates a present and future financial ability to satisfy the money judgment. *Poplar Grove Planting & Ref. Co.*, 600 F.2d at 1191. The court may also approve an alternative security arrangement that provides "equal protection to the judgment creditor" if posting a full bond would create an undue financial burden. *Id.* Defendants bear the burden of demonstrating good cause for a reduced bond. *Id.*; *see also Sundown Energy, L.P. v. Haller*, No. 10-4354, 2015 WL 3796351, at *3-4 (E.D. La. 2015); *Nola Spice Designs, LLC v. Haydel Enters.*, No. 12-2515, 2013 WL 6096361, at *1 (E.D. La. 2013). Here, defendants offer no proof of either a future ability to pay or an undue financial burden.[16] Nor do they propose any alternative security arrangement to protect plaintiff's interests. Accordingly, the Court declines to approve a reduced bond.

Finally, defendants contend that any interest included in the Court's judgment should be calculated at a simple interest rate of 1.5 percent per month, or 18 percent per annum, on the principal amount of $292,846.30.[17] Plaintiff maintains that the interest rate is governed by the terms of the

---

[16] Defendants complain that it is unfair and inconvenient to be required to post a supersedeas bond in an amount much higher than the principal due on the loan. R. Doc. 68-2 at 3. But defendants agreed to the 18 percent interest rate when they applied for credit. *See* R. Doc. 68-4. The quantity of interest due is the result of defendants' choice not to timely satisfy their obligations.

[17] R. Doc. 68-2 at 4.

contract.[18] The credit application states that "[a]ny amount unpaid after thirty days from the date the debt is incurred shall bear a late payment charge of the lesser of 1 1/2 % per month, which is an annual percentage rate of 18%, or an amount not to exceed the highest rate permitted by law."[19] The Court's judgment provides that Alford owes "$292,846.30 in principal, plus interest at the rate of 18 percent per annum from October 31, 2013."[20]

Plaintiff calculates the accrued interest owed as $205,939.15.[21] Although plaintiff does not explain the basis of its calculations, this amount is equivalent to simple interest on the principal at a rate of 1.5 percent per month, or 18 percent per annum, from October 31, 2013, to the present.[22] Both parties therefore appear to agree that the loan agreement and the Court's judgment provide for simple interest at a rate of 18 percent per annum. The Court finds that plaintiff's interest calculation is correct, and orders defendant to post a supersedeas bond in the amount of $695,928.72 to obtain a stay of execution of judgment.[23]

---

[18] R. Doc. 70 at 2.
[19] R. Doc. 68-4 at 1.
[20] R. Doc. 65.
[21] R. Doc. 70 at 4.
[22] Plaintiff's proposed interest amount represents simple interest for 3 years and 10.88 months.
[23] This reflects 120 percent of the total judgment of $579,940.60 (292,846.30+205,939.15+30,508.50+1,111.55+49,535.10 = 579,940.60).

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendants' motion to approve a supersedeas bond in the amount of $448,801.74 is DENIED. IT IS FURTHER ORDERED that all proceedings to execute the Court's August 22, 2017 judgment are to be stayed upon Anthony Alford's posting with this Court a supersedeas bond in the amount of $695,928.72. Execution of the judgment is hereby STAYED for a period of fifteen days to allow the defendant sufficient time to post a bond in that amount.

New Orleans, Louisiana, this __4th__ day of October, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE